Hawkins, Circuit Judge, filed dissenting opinion.

David **CHURCHILL**, Plaintiff–Appellant,

v.

**WINTER CHEVROLET COMPANY INC.; et al.**, Defendants–Appellees.

No. 06–15685.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2008.

Filed March 6, 2008.

Richard M. Rogers, Esq., Mayo & Rogers, San Francisco, CA, for Plaintiff–Appellant.

Robert G. Hulteng, Esq., Joshua J. Cliffe, Esq., Littler Mendelson, PC, San Francisco, CA, for Defendants–Appellees.

Before: D.W. NELSON, KLEINFELD, and HAWKINS, Circuit Judges.

## MEMORANDUM *

On appeal, David Churchill challenges a jury instruction. We agree with Churchill that under Cal. Civ. Pro. § 1440 and *Romano v. Rockwell Int'l, Inc.*, 14 Cal.4th 479, 59 Cal.Rptr.2d 20, 926 P.2d 1114, 1119 (1996), repudiation by Winter Chevrolet gave Churchill an election to sue for damages for the breach without continuing his performance, or else to continue his performance and sue for damages resulting from the threatened breach if and when it happened. Churchill conceded in his brief that the jury was correctly instructed on this point.

Although Churchill was entitled to make an election of remedies, the election had consequences upon which the judge instructed pursuant to *Lucian v. All States Trucking Co.*, 116 Cal.App.3d 972, 171 Cal. Rptr. 262 (1981). That case holds that "an employee who voluntarily leaves his employment before the calculation date is not entitled to receive it." *Id.* at 264; *see also Schachter v. Citigroup, Inc.*, 159 Cal. App.4th 10, 70 Cal.Rptr.3d 776 (2008);

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Hill v. Aetna,* 130 Cal.App.3d 188, 181 Cal.Rptr. 564 (1982); *Chinn v. China Nat'l Aviation Corp.,* 138 Cal.App.2d 98, 291 P.2d 91 (Cal.Dist.Ct.App.1955). The *Chinn* exception to the *Lucian* rule does not apply here, because the employee in *Chinn* was fired before the calculation date of a bonus that had induced him to stay on after he had expressed his intention to quit.

Taken in context with the remainder of the jury instructions, the challenged instruction does not misstate California law and would not mislead the jury to Churchill's prejudice. *Cascade Health Solutions v. PeaceHealth,* 502 F.3d 895, 909, 930 (9th Cir.2007). Further, the trial judge did not abuse his discretion in selecting the particular formulation of the instruction. *See id.*

AFFIRMED.

HAWKINS, Circuit Judge, dissenting:

I would reverse and remand for a new trial because the jury was not properly instructed under California law on the doctrine of anticipatory repudiation and the consequences that flow therefrom. *See* Cal. Civ.Code § 1440; *Romano v. Rockwell Int'l, Inc.,* 14 Cal.4th 479, 59 Cal. Rptr.2d 20, 926 P.2d 1114, 1119–21 (1996); *Kelly v. Stamps.com Inc.,* 135 Cal.App.4th 1088, 38 Cal.Rptr.3d 240, 252 (2005).